MARTHA OATES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed June 15, 1925.

Where the indictment specifically charges manslaughter and the verdict is "guilty as charged", and the evidence is legally sufficient to support the verdict, no prejudicial errors of law or procedure appearing, a judgment of conviction of manslaughter will be affirmed.

A Writ of Error to the Circuit Court for Calhoun County; Amos Lewis, Judge:

Judgment affirmed.

*Carter & Solomon,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WHITFIELD, J.—Writ of Error was taken to a conviction for manslaughter.

The indictment is for manslaughter and the verdict finds ''the defendant guilty as charged.''

It appears that the accused woman had terminated irregular relations with the deceased man. In his efforts to get the accused to renew their relations, the deceased on several occasions made threats to kill the accused if she did not return to him. On the fatal meeting at the home of a neighbor, the deceased asked the accused why she did not go to him when he sent her a message to come to him. She replied that she was not feeling well. He seized her by the hand and jerked her up from the bench on which she was sitting and was pulling her away when she stabbed him in the neck, from which wound he died. The deceased, though making an unlawful assault on the accused, was not attempting to seriously injure the accused, and her life was not then threatened or in any danger. There appears to have been no justification or excuse for the fatal cutting. The verdict responds to the charge of manslaughter as made. The conviction for manslaughter accords with the law applicable to the facts. No prejudicial errors of procedure appear and the judgment is affirmed.

WEST, C. J., AND TERRELL AND STRUM, J. J., concur.